IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIO TAVE,

    Movant/Defendant,

vs.                                                   **CIVIL NO. 08-1071 JC/DJS**
                                                    Criminal No. 03-853 JC

**UNITED STATES OF AMERICA,**

    Respondent/Plaintiff.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

    1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated in the Federal Correctional Institution in Lompoc, California, as a result of his conviction of one count of possession of ammunition by a felon, contrary to 21 U.S.C. §922(g)(1) and 18 U.S.C. §924 (a)(2). Following his conviction pursuant to a guilty plea, Movant was sentenced to fifty months imprisonment. The judgment imposing that sentence was entered on June 27, 2006 and specified that twenty-five months of the sentence imposed should run concurrently to the sentence imposed in the 12th Judicial State District Court, Otero County, in case CR-2001-577. United States v. Julio Tave, 03-Cr-0853 JC, Judgment filed July 13, 2006 (Docket

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

No. 26). Movant did not file a direct appeal of his conviction.

  2. By the instant motion Movant asserts that his sentence is illegal because following his conviction in federal court he was remanded to the custody of the state of New Mexico and, effective August 15, 2006, paroled from his state court sentence in CR-2001-577. He asserts that, at that time, he was transferred back to the custody of the United States Marshal's Service and, on October 10, 2006 the Federal Bureau of Prisons computed and certified commencement of his sentence as of the date of sentencing before the federal court on June 26, 2006. Movant contends that he has completed his federal sentence and must be released forthwith, calculating that the sentence he should actually serve is twenty-five months in federal custody from his release by the state of New Mexico. Movant argues that the fact that the State of New Mexico paroled him only fifty days after the imposition of his federal sentence, rather than releasing him twenty-five months after the imposition of that sentence, is immaterial.

  3. Respondent contends that the instant §2255 motion is untimely and also asserts that Movant is not entitled to relief on the merits of his petition. Under 28 U.S.C. § 2255(f) a one-year limitation applies to § 2255 motions. The limitation period runs from the latest of-

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f). Movant's conviction became final ten days after the entry of the judgment, as that date was the time limit for filing an appeal. Kapral v. United States, 166 F.3d 565, 577 (3d Cir.1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her

conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); Fed. R.App. P. 4(b)(1) (notice of appeal must be filed within 10 days of the entry of the judgment of conviction).[2] That is to say, Movant's conviction was final on July 27, 2006. He must have filed his §2255 motion by July 27, 2007. He did not file the instant motion until November 12, 2008, well over one year after the deadline for such filing had passed.

      4. On December 29, 2007, Movant filed a motion for relief pursuant to 28 U.S.C. §2241 in the Central District of California. Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 1), Exhibit A. That motion cannot serve to toll the limitation period because it, too, was filed after the one year period for seeking collateral relief had expired.

      5. Movant is not entitled to equitable tolling or credit for a later date upon which he was aware of the facts in support of his claim as set forth in 28 U.S.C. §2255(f)(4). To be entitled to equitable tolling, a litigant generally must establish two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)). Movant has not asserted any extraordinary circumstances which would justify equitable tolling.

---

[2]Movant's Plea Agreement waived his right to appeal as well as his right to collaterally attack his conviction and sentence on any ground other than ineffective assistance of counsel. United States v. Julio Tave, 03-Cr-0853 JC, Plea Agreement filed March 9, 2006 (Docket No. 21). Because Movant does not allege ineffective assistance of counsel or the voluntariness of his plea, the latter waiver effectively forecloses this action. See United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir.2004) (*en banc*) (*per curiam*)( An appellate waiver contained in a plea agreement can be overcome if the plea was involuntary; for example, if ineffective assistance of counsel in connection with the negotiation renders the waiver invalid).

6. Even if the instant motion was timely, Movant is not entitled to relief on the merits. His plea agreement pursuant to Fed.R.Crim.P. 11(c)(1)( C) was for a specific sentence of fifty months. United States v. Julio Tave, 03-Cr-0853 JC, Plea Agreement filed March 9, 2006 (Docket No. 21). The guideline imprisonment range for Movant was seventy to eighty-seven months. Transcript of July 17, 2006 Sentencing Hearing, p. 2 (Docket No. 28). Movant received a fifty-month sentence. Although the Court directed that twenty-five months of that sentence should run concurrently to the state sentence he was currently serving, the Court could not anticipate an early parole of Movant by the State of New Mexico. Further, to require Movant's immediate release would give him the benefit of a bargain he did not make and shorten his sentence from that imposed by law.

**RECOMMENDED DISPOSITION:**

That the §2255 motion be dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**